

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-004-CR

WALTER BRADFORD BEAYRD                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Walter Bradford Beayrd appeals his conviction for possession with intent to deliver between four and two hundred grams of cocaine. We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel

---

[1] *See* TEX. R. APP. P. 47.4.

avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant has been given the opportunity to file a pro se brief, but has failed to do so.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[3] Only then may we grant counsel's motion to withdraw.[4] Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, voluntariness of the plea, error that is not independent of and supports the judgment of guilt, and error occurring after the guilty plea.[5]

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[5] *Monreal v. State,* 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State,* 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed counsel's brief and the record.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[6]  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 14, 2008

---

[6] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).